**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 2 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 2 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Thomas Patrick Darby and  
Audrey Marie Darby  

Case No.: 19-16285  
Judge: VFP  

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: May 7, 2019

☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __BGH__    Initial Debtor: __TPD__    Initial Co-Debtor: __AMD__

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____3635_____ per _____month_____ to the Chapter 13 Trustee, starting on _____April 1, 2019_____ for approximately _____2_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

This will be a tiered plan.  The Debtors' will make two monthly payments of $3,635 and then 58 payments of $4,075.

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,260 and as allowed |
| DOMESTIC SUPPORT OBLIGATION | N/A | N/A |
| Internal Revenue Service | Federal Tax Debt | $73,266.73 |
| State of New Jersey, Division of Taxation | State Tax Debt | $2,196.64 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Shellpoint Mortgage Servicing - on Behalf of PROF-2013-S3 Legal Title Trust IV, by U.S. Bank National Association, as Legal Trustee | 232 Doremus Ave, Ridgewood, New Jersey 07450 | $121,428.11 | 0% | $121,428.11 | Regular Monthly Payments in the amount of $3,789.87 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Shellpoint Mortgage Servicing - 1900 Capital Trust | 232 Doremus Ave, Ridgewood | $198,199.73 | $595,000.00 | $639,459.89 | $0.00 | 0% | $0.00 |
| Internal Revenue Service | Real and Personal Property | $86,754.69 | $595,000 real property; $17,356.90 Personal Prop | $639,459.89 Mortgage on Real Property; $914.90 on Personal Property | $16,442.00 | 4% | $18,168.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

        Internal Revenue Service - Tax Lien
        Chase Auto Finance - Car Loan
        New Liberty Loans Pawn Shop - Lien on Debtor's Wedding Reing

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Chase Auto Finance | 2008 Subaru Impreza | $912.00 |
| New Liberty Loans Pawn Shop | Debtor's Wedding Ring | $4,000.00 |
| Commission Express | UCC Financing Statement Filed on May 11, 2017 | $1,247.58 |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Shellpoint Mortgage Servicing on behalf of 1900 Capital Trust II, By US Bank Trust National Association, not in its individual capacity but solely as Certificate Trustee | 232 Doremus Ave., Ridgewood, NJ 07450 | $198,199.73 | $595,000.00 | $637,828.00 | $0 | $198,199.73 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Internal Revenue Service | All Real and Personal Property of the Debtors | $86,754.69 | $595,000.00 real property; $17,356.90 personal property | $16,442.00 | $70,312.69 |

## Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Administrative Claim

3) Priority Claim

4) Secured Claims        5) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: March 28, 2019                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The plan is being modified to amend the treatment of the IRS in connection with their recently filed Amended Proof of Claim. | The amount of the priority debt due and owing to the IRS is being amended to reflect all filed tax returns and the secured portion of the IRS's claim is being amended to reflect the actual amount of the IRS's claim. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 05/06/2019                                    /s/ Thomas Patrick Darby
                                                    Debtor

Date: 05/06/2019                                    /s/ Audrey Marie Darby
                                                    Joint Debtor

Date: 05/06/2019                                    /s/ Brian G. Hannon, Esq.
                                                    Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 19-16285-VFP
Thomas Patrick Darby                                            Chapter 13
Audrey Marie Darby
         Debtors

## CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin              Page 1 of 1              Date Rcvd: May 08, 2019
                             Form ID: pdf901          Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 10, 2019.
```
db/jdb         Thomas Patrick Darby,   Audrey Marie Darby,    232 Doremus Avenue,    Ridgewood, NJ 07450-4242
518148746      ACN Communications,    1000 Progress Pl,   Concord, NC 28025-2449
518148747      Chase Auto Finance,    PO Box 901003,   Fort Worth, TX 76101-2003
518148752     +Lynette Joy Goodman,    14-25 Plaza Road,   Suite 5-2-2,    Fair Lawn, NJ 07410-3546
518148753      Milstead & Assoc.,    1 E Stow Rd,   Marlton, NJ 08053-3118
518148755      NJ E-ZPass Violations Processing Center,    PO Box 4971,    Trenton, NJ 08650-4971
518148756      NY E-ZPass Violation Processing Unit,    PO Box 15186,    Albany, NY 12212-5186
518148754      New Liberty Loans Pawn Shop,    67 W 47th St,   New York, NY 10036-8296
518148757      Oradell Animal Hospital,    580 Winters Ave,   Paramus, NJ 07652-3902
518148758      Shellpoint Mortgage Services,    PO Box 10826,   Greenville, SC 29603-0826
518148759      Shellpoint Mortgage Servicing,    PO Box 10826,   Greenville, SC 29603-0826
518148760      State of NJ-Division of Taxation,    Revenue Processing Center,    PO Box 193,
                Trenton, NJ 08646-0193
518148761      The Port Authority of NY & NJ,    Violations Processing Center,    PO Box 15186,
                Albany, NY 12212-5186
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov May 09 2019 00:22:05      U.S. Attorney,   970 Broad St.,
                Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 09 2019 00:22:02      United States Trustee,
                Office of the United States Trustee,   1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
cr            +E-mail/PDF: gecsedi@recoverycorp.com May 09 2019 00:17:58
                Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,   Norfolk, VA 23541-1021
518148748      E-mail/Text: info@cenj.com May 09 2019 00:21:51      Commission Express,   PO Box 354,
                Gladstone, NJ 07934-0354
518148749      E-mail/Text: bankruptcy_notifications@ccsusa.com May 09 2019 00:22:48
                Credit Collection Service,   PO Box 710,   Norwood, MA 02062-0710
518148750      E-mail/PDF: creditonebknotifications@resurgent.com May 09 2019 00:18:50      Credit One Bank,
                PO Box 98872,   Las Vegas, NV 89193-8872
518148751      E-mail/Text: cio.bncmail@irs.gov May 09 2019 00:21:16      IRS-Centralized Insolvency Operations,
                PO Box 7346,   Philadelphia, PA 19101-7346
518151650     +E-mail/PDF: gecsedi@recoverycorp.com May 09 2019 00:18:31      Synchrony Bank,
                c/o of PRA Receivables Management, LLC,   PO Box 41021,    Norfolk, VA 23541-1021
518148762      E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 09 2019 00:29:47
                Verizon by American InfoSource LP,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
                                                                                               TOTAL: 9
```

```
           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Lennette Joy Goodman
                                                                                  TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 7, 2019 at the address(es) listed below:
```
              Brian Gregory Hannon    on behalf of Joint Debtor Audrey Marie Darby bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com
              Brian Gregory Hannon    on behalf of Debtor Thomas Patrick Darby bhannon@norgaardfirm.com,
               sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                               TOTAL: 4
```